IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID ZANDER, | ) | CASE NO. 5:11 CV 1237 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of David Zander for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Zander was convicted by a Summit County, Ohio, jury in 2009 of aggravated murder[3] and is serving a life sentence with parole eligibility after 25 years. He is currently incarcerated at the Southern Ohio Correctional Institution in Lucasville, Ohio.

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Sara Lioi by non-document order dated August 9, 2011.

[2] ECF # 1.

[3] *Id.* at 1.

Zander raises one ground for habeas relief.[4] The State has filed a return of the writ arguing that the petition should be dismissed because Zander's asserted ground is procedurally defaulted and lacking in merit.[5] Zander has filed a traverse.[6]

For the reasons that follow, Zander's petition should be dismissed as procedurally defaulted.

## Facts

**A.   Procedural history**

Zander was indicted[7] on charges of aggravated murder with firearm specifications, aggravated robbery with firearm specification, and having a weapon while under disability stemming from the shooting death of Jason Reid. Zander initially entered a plea of not guilty.[8]

A Summit County Court of Common Pleas jury found Zander guilty of aggravated murder but not guilty of the remaining counts and firearm specifications.[9] Zander, through counsel, moved for an acquittal or in the alternative for a new trial based in part on the

---

[4] *Id.* at 2.

[5] ECF # 7.

[6] ECF # 8.

[7] ECF # 7, Attachment 5.

[8] *Id.*, Attachment 6.

[9] *Id.*, Attachment 7.

inconsistency of the verdicts.[10] On March 13, 2009, the court denied the motion[11] and sentenced Zander to life in prison with eligibility for parole after 25 years.[12]

**B.     Direct appeal**

On April 15, 2009, Zander, through counsel, timely appealed to the Ohio appeals court asserting seven assignments of error:

1. The trial court's finding of guilt is against the manifest weight and sufficiency of the evidence.

2. The trial court erred in its denial of the appellant's request for mistrial and its failure to find that the jury's verdict was inconsistent as a matter of law.

3. The appellant was deprived of due process of law by the structural defect contained in the indictment wherein an essential element of the offense was omitted and that defect was not cured by either the prosecutor or the court.

4. The trial court committed error by improperly charging the jury.

5. The appellant was denied his constitutional right to confront witnesses because of the irregularities in cross-examining the State's key witnesses.

6. The appellant was deprived of due process of law by the misconduct of the prosecutor.

7. The trial court abused its discretion by failing to maintain the appearance of impartiality.[13]

---

[10] *Id.*, Attachment 8.

[11] *Id.*, Attachment 9.

[12] *Id.*, Attachment 10.

[13] *Id.*, Attachments 11 and 12.

The State filed a responsive brief.[14] On February 24, 2010, the court of appeals overruled all seven assignments of error and affirmed the judgment of the trial court.[15]

Zander subsequently asked the appellate court to certify a conflict between its decision and another in the Seventh District,[16] but the court denied his request because he failed to specify the issue to be certified.[17]

On April 12, 2010, Zander, through counsel, timely appealed to the Supreme Court of Ohio raising six propositions of law in his memorandum in support of jurisdiction:

1. The Trial court erred in denying the Appellant's request for a mistrial and for failing to find that the verdict was inconsistent as a matter of law.

2. The Appellant was deprived of Due process of law by a structural defect in the indictment wherein an essential element of the offense was omitted and this error was not cured by the prosecutor or the trial court.

3. The trial court committed reversible error by improperly charging the jury.

4. The Appellant was denied his constitutional right to confront the witnesses against him because of irregularities in cross-examining the State's key witness.

5. The Appellant was deprived of due process of law by the misconduct of the prosecutor.

---

[14] *Id.*, Attachment 13.

[15] *Id.*, Attachment 14.

[16] *Id.*, Attachment 15.

[17] *Id.*, Attachment 16.

6. The Trial Court abused its discretion by failing to maintain the appearance of impartiality.[18]

On June 23, 2010, the Supreme Court of Ohio declined jurisdiction to hear the case and dismissed the appeal.[19]

**C.    State habeas corpus**

Zander then filed a *pro se* petition for writ of habeas corpus in the Ohio Supreme Court.[20] Zander argued that the evidence was insufficient to support his aggravated murder conviction because he was acquitted of aggravated robbery, the predicate offense; that his counsel was ineffective in failing to bring this claim to the attention of the Ohio Supreme Court on direct appeal; and that he, therefore, could not comply with the exhaustion prerequisite for federal habeas corpus review.[21] On August 24, 2011, the Ohio Supreme Court sua sponte dismissed his petition.[22]

**D.    Federal habeas corpus**

Zander filed a *pro se* federal petition for writ of habeas corpus, which this Court docketed on June 15, 2011. He raises the following ground for relief:

---

[18] *Id.*, Attachments 17, 18.

[19] *Id.*, Attachment 19.

[20] *Id.*, Attachment 20.

[21] *Id.*

[22] *Id.*, Attachment 21.

GROUND ONE: There was an insufficiency of evidence to support the aggravated murder conviction.[23]

## Analysis

### A. Preliminary observations

Before proceeding further, I make the following preliminary observations:

1. There is no dispute that Zander is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Zander meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[24]

2. There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[25]

3. In addition, Zander states,[26] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[27]

4. Moreover, it appears that these claims have been totally exhausted in Ohio courts.[28]

---

[23] ECF # 1 at 5, Attachment 1 at 9.

[24] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[25] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[26] ECF # 1 at 11.

[27] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[28] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

    5.    Finally, Zander has not requested the appointment of counsel,[29] but he requested an evidentiary hearing to develop the factual bases of his claims.[30]

**B.**    **Standard of review – procedural default**

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies remained available or because of some other violation of a state procedural rule.[31]

When the State alleges a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine procedural default:

    (1)    Does a state procedural rule exist that applies to the petitioner's claim?

    (2)    Did the petitioner fail to comply with that rule?

    (3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

    (4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[32]

---

[29] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[30] ECF # 1 at 13; ECF # 1, Attachment at 27; 28 U.S.C. § 2254(e)(2).

[31] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[32] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

In addition to establishing these elements, the State must show that the procedural rule is (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[33]

If the State establishes a procedural default, the petitioner may overcome it if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[34] In addition, a showing of actual innocence may excuse a procedural default.[35]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[36] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[37] For prejudice, the petitioner must show a reasonable probability of a different outcome at trial.[38]

---

[33] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[34] *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004) (citations omitted).

[35] *Id.*

[36] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[37] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[38] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[39] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[40]

Ohio's *res judicata* rule holds that a defendant may not raise a claim in a postconviction petition that could have been raised at trial or on direct appeal.[41] This rule constitutes an adequate and independent state law ground for barring federal habeas review.[42]

### C. Application of standard – Zander's petition should be dismissed as procedurally defaulted.

The relevant facts are not disputed. As the record shows, Zander initially raised the present habeas claim of insufficiency of the evidence to the Ohio appeals court on direct appeal.[43] That court then denied the claim,[44] and Zander failed to appeal the denial of that

---

[39] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[40] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[41] *See*, *Hanna v. Ishee*, 694 F.3d 596, 614 (6th Cir. 2012) (citations omitted).

[42] *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007).

[43] ECF # 7, Attachment at 46-48. Zander later attempted to raise the same issue in a state habeas corpus petition before the Ohio Supreme Court. *Id.* at 285. This later filing was dismissed by the Supreme Court. *Id.* at 300.

[44] *Id.* at 192-209.

specific claim to the Supreme Court of Ohio.[45] The State, therefore, in its return of the writ, maintains that because Zander "abandoned" this claim on direct appeal to the Supreme Court of Ohio, and because he is barred by *res judicata* from now seeking to present this claim to that Court, the current federal habeas petition containing just that one claim must be dismissed as procedurally defaulted.[46]

Zander does not contest either the facts as set forth above nor the legal conclusion that the failure to appeal here is, without more, a procedural default.[47] Moreover, he also concedes that he cannot blame the failure to appeal on any ineffectiveness of counsel, since, he admits, there is no right to counsel in such a discretionary appeal.[48] But Zander argues that "fairness, justice and public policy simply should not allow such a situation [as procedural default] that has occurred in this case without affording some form of remedy by this Court."[49]

Zander attempts to state some kind of equitable exception to procedural default. But, in fact, the procedural default doctrine itself already contains an equitable remedy to any potentially unjust enforcement – the cause and prejudice analysis. That analysis permits a

---

[45] *See*, *id.* at 231.

[46] ECF # 7 at 16-17.

[47] ECF # 8 at 4. Zander had no constitutional right to counsel for purposes of his appeal to the Supreme Court of Ohio, a discretionary appeal. *Tanner v. Jeffreys*, 516 F. Supp. 2d 909, 916 (N.D. Ohio 2007). Ineffective assistance on a discretionary appeal cannot constitute cause for a procedural default. *Id.* at 917.

[48] ECF # 8 at 4-5.

[49] *Id.* at 5-6.

petitioner to excuse an established failure to follow the state's procedural rules only when "an objective factor *external* to the defense caused that failure."[50]

Here, Zander freely acknowledges that his only equitable argument for not attributing the actions of his counsel to him is that enforcing the procedural default in this case would invite future attorneys to "sabotage" a petitioner's claim by neglecting to raise a ground for relief on discretionary appeal, and so leave a petitioner without recourse to the federal habeas court.[51] Under such circumstances, however, the law is clear, that "'[n]egligence on the part of a petitioner's postconviction attorney does not qualify as a cause'" to excuse procedural default.[52] This is so because, as the Supreme Court stated, "'the attorney is the prisoner's agent [,]...[and] under "well-settled principles of agency law," the principal bears the risk of negligent conduct on the part of his agent.'"[53]

Accordingly, whether phrased as a direct attempt to state a "cause" under the recognized cause and prejudice analysis, or as some free-standing equity argument, the admitted failure of Zander's attorney to raise the current habeas claim on direct appeal to the Ohio Supreme Court cannot excuse or evade the admitted procedural default that was thus created.

---

[50] *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (emphasis added).

[51] ECF # 8 at 6.

[52] *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309, 1316 (2012) (quoting *Maples v. Thomas*, 565 U.S. __, __, 132 S. Ct. 912, 922 (2012)).

[53] *Martinez*, 132 S. Ct. at 1316 (quoting *Maples*, 132 S. Ct. at 922 (internal quotation omitted)).

## Conclusion

For the foregoing reasons, I recommend that the petition of David J. Zander for a writ of habeas corpus be dismissed as procedurally defaulted.

Dated:  August 6, 2013                                s/ William H. Baughman, Jr.
                                                      United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[54]

---

[54] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-12-