UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID ZANDER, ) | CASE NO. 5:11CV1237 |
| ) | |
| PETITIONER, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OPINION** |
| BENNIE KELLY, Warden, ) | **AND ORDER** |
| ) | |
| RESPONDENT. ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge William H. Baughman, Jr., recommending denial of this pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. No. 10.) Petitioner David Zander ("petitioner" or "Zander") filed objections. (Doc. No. 12.) Respondent filed neither his own objections nor any response to petitioner's objections. For the reasons discussed below, the objections are overruled, the R&R is accepted, and the petition for writ of habeas corpus is denied and dismissed.

## I. BACKGROUND

Zander was indicted on September 4, 2008, with two co-defendants, on the following charges: one count of aggravated murder with prior calculation and design in violation of Ohio Rev. Code § 2903.01(A); one count of aggravated murder while committing or attempting to commit an aggravated robbery (felony murder) in violation of Ohio Rev. Code § 2903.01(B); one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1); and one count of having weapons while under a disability in violation of Ohio Rev. Code §§ 2923.13(A)(2) & (3). Each of the first three charges also contained a firearm specification.

(Return, Doc. No. 7, Ex. 1.) All of the charges stemmed from the shooting death of Jason Reid in the early morning hours of August 20, 2008.

Zander entered pleas of not guilty to all charges (Return, Ex. 2), and the case was tried to a jury, which found Zander guilty of felony murder,[1] but not the accompanying firearm specification. He was acquitted on the remaining offenses and firearm specifications. (*Id*., Ex. 3.) Still represented by counsel, Zander moved for an acquittal or for a new trial. (*Id*., Ex. 4.) The trial court denied the motion and, on March 13, 2009, sentenced Zander to life in prison, with eligibility for parole after 25 years. (*Id*., Exs. 5, 6.)

Represented by counsel, Zander exhausted all levels of his direct appeal,[2] with the Ohio Supreme Court declining to exercise jurisdiction on June 23, 2010.[3] (Return, Ex. 15.)

---

[1] Ohio Rev. Code § 2903.01(B) provides that "[n]o person shall purposely cause the death of another . . . while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping, rape, aggravated arson, arson, aggravated robbery, robbery, aggravated burglary, burglary, trespass in a habitation when a person is present or likely to be present, terrorism, or escape."

[2] In his brief before the Ohio court of appeals on direct appeal, Zander raised the following seven assignments of error:

| | |
|---|---|
| I. | The trial court's finding of guilt is against the manifest weight and sufficiency of the evidence. |
| II. | The trial court erred in its denial of the appellant's request for mistrial and its failure to find that the jury's verdict was inconsistent as a matter of law. |
| III. | The Appellant was deprived of due process of law by the structural defect contained in the indictment wherein an essential element of the offense was omitted and that defect was not cured by either the prosecutor or the court. |
| IV. | The trial court committed error by improperly charging the jury. |
| V. | The Appellant was denied his constiutional [sic] right to confront witnesses because of the irregularities in cross-examining the state's key witness. |
| VI. | The Appellant was deprived of due process of law by the misconduct of the prosecutor. |
| VII. | The trial court abused its discretion by failing to maintain the appearance of impartiality. |

(Return, Ex. 8 at 137-38.)

[3] Petitioner raised six propositions of law:

#1: The Trial Court erred in denying the Appellant's request for a mistrial and for failing to find that the verdict was inconsistent as a matter of law.

On May 27, 2011, Zander filed a pro se motion for writ of habeas corpus with the Ohio Supreme Court. (Return, Ex. 16.) Zander argued that the evidence was insufficient to support his felony murder conviction because he was acquitted of aggravated robbery, the predicate offense; that his counsel was ineffective in failing to bring this claim to the attention of the Ohio Supreme Court on direct appeal; and that, therefore, he could not comply with the exhaustion prerequisite for federal habeas corpus review. On August 24, 2011, the Ohio Supreme Court sua sponte dismissed his petition. (*Id*., Ex. 17.)

Zander filed the instant pro se petition under 28 U.S.C. § 2254 on June 15, 2011, raising one ground for relief: there was an insufficiency of evidence to support the aggravated murder conviction. (Petition, Doc. No. 1 at 23.)

## II. DISCUSSION

A.   **Standard of Review**

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also*, *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the

---

| | | |
|---|---|---|
| #2: | The Appellant was deprived of Due Process of law by a structural defect in the indictment wherein an essential element of the offense was omitted and this error was not cured by the prosecutor or the trial court. | |
| #3: | The Trial Court committed reversible error by improperly charging the jury. | |
| #4: | The Appellant was denied his constitutional right to confront the witnesses against him because of irregularities in cross-examining the State's key witness. | |
| #5: | The Appellant was deprived of due process of law by the misconduct of the prosecutor. | |
| #6: | The Trial Court abused its discretion by failing to maintain the appearance of impartiality. | |

(Return, Ex. 14 at 335.)

district court in light of specific objections filed by any party."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**B.     The R&R**

The R&R notes that Zander, represented by counsel, first raised on direct appeal (as Assignment of Error I) the claim he now asserts before this Court. (*See* Return, Ex. 8 at 137.) The state court of appeals rejected the claim. (*Id.*, Ex. 10 at 297-313.) Thereafter, still represented by counsel, Zander sought review by the Ohio Supreme Court, but failed to raise this issue before that court. (*Id.*, Ex. 14 at 335.)

In light of these procedural facts, the R&R concludes that the sole ground raised in this habeas petition is procedurally defaulted, requiring denial and dismissal of the petition.

**C.     Analysis**

"A petitioner for a writ of habeas corpus must meet certain procedural requirements to permit review of his habeas claims by a federal court." *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of

limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States,* 532 U.S. 374, 381, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001) (citing *United States v. Olano*, 507 U.S. 725, 731, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) ("No procedural principle is more familiar to this Court than that a constitutional right . . . may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it") (internal quotation marks, alterations, and citations omitted)).

The issue in this case is procedural default. A claim may become procedurally defaulted if a petitioner failed to raise and pursue that claim through the state's "ordinary appellate review procedure[.]" *O'Sullivan v. Boerckel,* 526 U.S. 838, 847, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). Federal courts will not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and actual prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir. 2006) (*citing Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977)); *see also Maupin v. Smith,* 785 F.2d 135, 138-39 (6th Cir. 1986).

By way of objection to the R&R, Zander first asserts[4] that it is inconsistent to find that he has exhausted his state remedies, but that his claim is nonetheless procedurally defaulted.

---

[4] Zander's actual first "objection" is no more than a reassertion of his original argument, based on equitable concepts. He argues:

> petitioner submits that he has effortlessly and with all due diligence done everything possible to assure all federal requirements have been met to the best of petitioner's ability in this case and believes his case deserves the attention from this honorable court recognizing, as petitioner is sure this court will after reviewing all petitioner's documents presented in the case, that his case is an extraordinary exception to the average case submitted to this court. Specifically, given the facts pointed out by petitioner in his petition and reply brief, incorporated herein by reference, in that his hands are clean of ever having done any wrong doing in this case.

(Objections at 1669.) However, case law is clear that, while the exhaustion requirement is technically satisfied when there are no longer any state remedies available to a petitioner, *see Coleman v. Thompson,* 501 U.S. 722, 732, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), a petitioner's failure to have federal claims considered first in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006).

Zander next contends that the sole claim raised here *was* "raised on his direct appeal." (Objections at 1670.) While it is true that Zander raised the issue of insufficiency of evidence within Assignment of Error I before the court of appeals (*see* Return, Ex. 8 at 137), he abandoned the claim by failing to reassert it before the Supreme Court of Ohio.

Although Zander conceded in his petition that his habeas ground for relief relating to sufficiency of the evidence is defaulted (Petition at 5), he now objects to the same conclusion in the R&R, arguing that the claim "was articulated by counsel in his proposition of law that the verdict was inconsistent." (Objections at 1670;[5] *see also* Return, Ex. 14 at 335 ("The Trial Court erred in denying Appellant's request for a mistrial and for failing to find that the verdict was inconsistent as a matter of law.").) However, the substance of the claim made before the Ohio Supreme Court is not the same as the substance of the claim in the habeas petition before this Court. There is a legal difference between making an insufficiency of evidence claim (as asserted here and before the Ohio court of appeals) and an inconsistent verdict claim (as asserted before

---

(Objections at 1669.) The Court need not address this sort of generalized "objection."

[5] To the extent one might be tempted to read between the lines of this assertion to find a claim that Zander's procedural default should be excused due to ineffective assistance of his appellate counsel in failing to properly phrase the issues on appeal to the Ohio Supreme Court, still Zander's claim does not survive. Although ineffective assistance of counsel may, under some circumstances, be a ground for excusing procedural default, petitioner makes no argument, as he must, under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L .Ed. 2d 674 (1984), and he made no such argument before the Ohio Supreme Court. Instead, he simply directly argues the purported merits of his defaulted insufficiency claim.

the Ohio Supreme Court). In *United States v. Ashraf*, 628 F.3d 813, 823 (6th Cir. 2011), the court noted: "As the Supreme Court held in *United States v. Powell,* 469 U.S. 57, 105 S. Ct. 471, 83 L. Ed. 2d 461 (1984), 'there is no reason to vacate [the] respondent's conviction merely because the verdicts cannot rationally be reconciled.' *Id.* at 69 (rejecting lower court decisions holding that 'an acquittal on the predicate felony necessarily indicated that there was insufficient evidence to support the' conviction at issue)." Further, a review of the relevant argument contained in the memorandum in support of jurisdiction filed before the Ohio Supreme Court reveals that the claim before that court was based entirely on state, not federal, law. (*See* Return, Ex. 14 at 341-42.)

The claim is also not saved by petitioner's belated attempt to raise it before the Ohio Supreme Court in his pro se habeas petition. By the time that petition was filed, the claim was already procedurally defaulted, due to abandonment during direct appeal. The case cited by petitioner, *Orman v. Cain*, 228 F.3d 616 (5th Cir. 2000), despite not being controlling precedent in this circuit, also does not hold otherwise. *Orman* involved a situation where a habeas petitioner "did not directly appeal the entry of his guilty plea and resulting conviction." *Id.* at 620. "He did, however, pursue a claim for state habeas relief before filing [his] federal habeas suit." *Id.* The state courts did not reject Orman's state habeas case, but allowed it to run its full course and gave it due consideration. The Fifth Circuit concluded that Orman had *exhausted* his state remedies and was entitled to bring his claim in federal habeas. As already pointed out, exhaustion (which is designed to allow state courts the first opportunity to correct their own errors) is an entirely different concept from procedural default. Therefore, *Orman* offers nothing to save Zander's claim.

The Court agrees with the R&R's conclusion that any claim relating to sufficiency of evidence was abandoned by petitioner and is, therefore, procedurally defaulted. Lacking any showing that the default should be excused due to ineffective assistance of counsel, the Court has no authority to review this petition on its merits.

### III. CONCLUSION

For the reasons set forth herein, the Court overrules petitioner's objections, accepts the R&R, and denies and dismisses the petition for writ of habeas corpus. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: January 15, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**